UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TREVELYN ENTERPRISES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-11375** |
| **ATLANTIC SPECIALTY INS. CO.** | **SECTION: "S" (1)** |

### ORDER & REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion to Continue Trial Date** (Rec. Doc. 53) is **DENIED**.

### BACKGROUND

This matter is set for a non-jury trial on January 25, 2021. Defendants SeaBrook Marine, LLC and New Nautical Coatings, Inc. have moved to continue the trial date, arguing that a four-day jury trial set for November 16, 2020 in the Civil District Court for the Parish of Orleans prevents defense counsel from adequately preparing for this case. In so arguing, counsel states that he needs to take seven to ten discovery depositions, and that uncertainties related to the COVID-19 pandemic require a continuance.

Plaintiff opposes the motion, arguing that defendants have not identified which unnamed witnesses need to be deposed, why the depositions are necessary, why they have failed to take them to date, and why they cannot be deposed by the November 13, 2020 discovery deadline. Plaintiff also states that they have agreed to make witnesses available for depositions and requested defendants circulate dates, but defense counsel has not done so.

## DISCUSSION

Once established, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party moving for a modification is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Marathon Fin. Ins. Inc., RRG v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009) (quoting S&W Enterprises, LLC v. Southtrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003)). Courts consider four factors to determine if good cause has been established: (1) the explanation for the failure meet the deadline, (2) the importance of the requested relief, (3) the potential prejudice in allowing the relief, and (4) the availability of a continuance to cure such prejudice. S&W Enterprises, 315 F.3d at 536.

In this case, defense counsel's explanation for the need for a continuance is based upon the time needed to take depositions of certain unnamed witnesses. However, defense counsel has not taken a single deposition in this case, nor provided any reason for why he has not done so, or why depositions cannot be completed by the current deadline – in sum, defendants have not demonstrated that the deadlines cannot, with diligence on counsel's part, be reasonably met. Defendants also do not specify how the uncertainties due to COVID-19 affect the factors for modifying the current schedule, but the court is prepared to try the case on the scheduled trial date, by video conference if necessary. Further, a continuance will potentially prejudice plaintiff by delaying resolution of this matter. Finally, the court notes that in the event it becomes necessary, a brief continuance of the discovery deadline may be granted that would not require disturbing the trial date. Weighing these factors, the court finds that defendant has failed to

establish good cause for a continuance. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion to Continue Trial Date** (Rec. Doc. 53) is **DENIED**.

New Orleans, Louisiana, this __30th__ day of September, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**