**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREVELYN ENTERPRISES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  18-11375** |
| **SEABROOK MARINE, L.L.C., ET AL** | **SECTION: "S" (1)** |

**ORDER AND REASONS**

IT IS HEREBY ORDERED that the **Motion to Limit the Testimony of Kyle Smith** (Rec. Doc. 62) filed by Trevelyn Enterprises, L.L.C. is **GRANTED in part** and his testimony is limited as set forth herein;

IT IS FURTHER ORDERED that the **Motion to Exclude Testimony of Unnamed Shipyard Representatives** (Rec. Doc. 63) filed by Trevelyn Enterprises, L.L.C. is **DENIED**;

IT IS FURTHER ORDERED that the **Motion in Limine/*Daubert* Motion to Exclude the Testimony of Revel Boulon** (Rec. Doc. 65) filed by New Nautical Coatings, Inc. and SeaBrook Marine, L.L.C. is **DENIED as premature**, and upon completion of his deposition may be re-urged on or before January 6, 2021;

IT IS FURTHER ORDERED that the **Motion to Limit Testimony of Paul Marzocca** (Rec. Doc. 66) filed by Trevelyn Enterprises, L.L.C. is **GRANTED in part**, and his testimony is limited as set forth herein.

**BACKGROUND**

The following factual background is excerpted from the Magistrate Judge's recent order:

> This lawsuit concerns repair and maintenance work performed by SeaBrook Marine, L.L.C. ("SeaBrook") on the M/Y FAIR SKIES, a 90 foot yacht owned by Trevelyn Enterprises, L.L.C. ("Trevelyn"), pursuant to a contract entered into on June 5, 2018. This work included painting the bottom hull. Trevelyn alleges that SeaBrook did not perform the work in a workmanlike manner and that SeaBrook also damaged the vessel. Trevelyn invoked this court's admiralty jurisdiction and filed suit on November 21, 2018. SeaBrook answered and filed a counterclaim for unpaid invoices for shipyard services in the amount of $40,039.20. On February 19, 2019, Trevelyn amended its complaint to name New Nautical Coatings, Inc. d/b/a Seahawk Paints ("Seahawk") and Atlantic Specialty Insurance, Inc. as defendants. Trevelyn alleges that it spoke to different hull paint manufacturers, including Seahawk, before SeaBrook painted the vessel. It alleges that the Seahawk representative advised Trevelyn that it would have a representative on site to ensure that SeaBrook applied the primer and top coats in accordance with Seahawk's Technical Data Sheets and that this representation is why Trevelyn chose Seahawk's primer and paint. Trevelyn alleges that Seahawk's representative permitted SeaBrook to apply the primer [(TuffStuff)] in a manner that did not meet those requirements and then allowed SeaBrook to apply the paint [(Biocop)] over the primer in a manner that did not comply with the requirements....[A] key issue concerns the thickness of the coats of primer and paint applied.

Rec. Doc. 44.

On March 3, 2020, a hull inspection was performed on the M/Y FAIR SKIES. Marine surveyor Revel Boulon attended on behalf of Trevelyn, and Marine Surveyor Kyle Smith attended on behalf of SeaBrook. Following the production of their expert reports, both parties have moved to limit or exclude the opposing expert testimony. In addition, Trevelyn has moved to exclude the testimony of another of defendants' experts, Paul Marzocca, an industrial paint salesman, as well as the testimony shipyard representatives who have provided bids on the cost

to make needed repairs to the vessel.

## DISCUSSION

I.      **Motion to Limit the Testimony of Kyle Smith**

In this motion, Trevelyn seeks an order prohibiting defendants' expert, Kyle Smith, from expressing any opinions on the Tuff Stuff primer. Trevelyn relies on Federal Rule of Civil Procedure 26, which provides that an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Pro. 26 (a)(2)(B)(I). Trevelyn contends that Smith's report addressed only the condition of the Biopic paint, and thus he should be prohibited from expanding his testimony to include opinions regarding the Tuff Stuff primer which were not included in his report.

In opposition, defendants argue that Smith's report does not discuss their alleged failure to apply the Tuff Stuff primer in accordance with the Technical Data Sheets ("TDS") because Smith does not believe there were any such failures.

The purpose of Rule 26(a)(2) is to prevent unfair surprise or prejudice. Reed v. Iowa Marine and Repair Corp., 16 F.3d 82, 85-86 (5th Cir. 1994)(citations omitted). Thus, "a complete report must provide the substance of the testimony the expert will offer along with his reasons." Sapp v. Centauri Specialty Ins. Co., 2019 WL 8137171, at *1 (W.D. La. Dec. 11, 2019) (citations omitted). However, Rule 26 "does not limit an expert's testimony simply to reading his report. The rule contemplates that the expert will supplement, elaborate upon, and explain his

3

report in his oral testimony." <u>S.E.C. v. Life Partners Holdings, Inc.</u>, 2013 WL 12076934, at *3

(W.D. Tex. Nov. 8, 2013) (quoting <u>Thompson v. Doane Pet Care Co.</u>, 470 F.3d 1201, 1203 (6th

Cir. 2006) (internal quotations and alterations omitted)).

The court's review of Smith's report indicates that he attributes the failure of the bottom

job to electrolysis, improper pressure-washing, and the expected life span of the paint job.

Obviously implied in that conclusion is that a Tuff Stuff failure was not responsible, and Smith's

testimony to that effect should not surprise or prejudice defendants. Further, nothing in Smith's

report indicates that he plans to testify to anything other than that, with regard to Tuff Stuff. In

the event that at trial, Smith's testimony begins to veer into unanticipated detail about the Tuff

Stuff primer that exceeds the substance of his report and that would prejudice defendants, the

court will rule then, requiring Smith's testimony to remain within the reasonable limits of his

report. Defendants are directed to caution Smith in advance to avoid this occurring.

Trevelyn also takes issue with Smith's conclusion that the damage estimates gathered by

Trevelyn are inflated, contending that the report does not contain the "how" and the "why" of his

opinion on the damages with enough specificity. The court disagrees. First, the court notes that

this argument is essentially an attack on the bases for Smith's conclusions.  "As a general rule,

questions relating to the bases and sources of an expert's opinion affect the weight to be assigned

that opinion rather than its admissibility and should be left for the jury's consideration." <u>Primrose</u>

<u>Operating Co. v. Nat'l Am. Ins. Co.</u>, 382 F.3d 546, 562 (5th Cir. 2004). Moreover, Smith did

supply the bases for his opinion: the fact that in his experience, Ft. Lauderdale area shipyards

4

are, in general, more expensive than Gulf Coast shipyards; and second, that repair in Ft. Lauderdale requires additional expenses for moving the vessel. The latter is beyond cavil and the former can be attacked through vigorous cross-examination and the presentation of contrary evidence. Accordingly, with the above limitations, the court grants in part Trevelyn's motion to limit Kyle Smith's testimony.

**II.     Motion to Exclude Testimony of Unnamed Shipyard Representatives**

Defendants, in their witness list, have listed representatives of Saunders Yachtworks, Barber Marina, Miller Marine Yacht Service, Inc., and Steiner Shipyard. See Rec. Doc. 59. Plaintiff has now moved to exclude any testimony by these witnesses arguing that such testimony constitutes expert testimony for which no expert report has been provided, as required by Federal Rule of Civil Procedure 26(a)(2)(C). Defendants oppose, arguing that the listed witnesses are fact witnesses, not experts, and thus the expert report disclosure rules do not apply.

In making its argument, plaintiff points to the unpublished opinion in Pendarvis v. Am. Bankers Ins. Co. of Fla., 354 F. App'x 866 (5th Cir. 2009), which held that a district court erred in admitting a contractor's estimate because he was not qualified as an expert and the estimate was based on "specialized knowledge of construction and repair work" requiring "forecasts [that] are not common knowledge, 'familiar in everyday life.' " Id. at 869. In addition to the fact that Pendarvis has no precedential value, the Fifth Circuit has elsewhere stated unequivocally that "an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert." Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394,

5

403 (5th Cir. 2003) (citing Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320

F.3d 1213, 1223 (11th Cir. 2003)); see also, DIJO, Inc. v. Hilton Hotels Corp., 351 F.3d 679, 685

(5th Cir. 2003) (acknowledging that Rule 701 as amended places no restrictions on allowing

business owners or officers to testify based on particularized knowledge derived from their

position). This type of lay opinion testimony, permitted by Federal Rule of Evidence 701, is

admitted not because of experience, training or specialized knowledge within the realm of an

expert, but because of the particularized knowledge that the witness has by virtue of his or her

position in his business. Tampa Bay Shipbuilding, 320 F.3d at 1222. It is not based upon the type

of scientific, technical, or other specialized knowledge contemplated by Rule 702. Id.

In this case, the proposed witnesses will be testifying on the factual question of what their

companies would charge for certain work, based on the witnesses' particularized knowledge

resulting from their position in their businesses. Assuming a proper foundation is laid, this

testimony is admissible under Rule 701. Accordingly, the motion to exclude testimony of

unnamed shipyard representatives is denied.

### III.   *Daubert* Motion to Exclude the Testimony of Revel Boulon

Defendants, SeaBrook and New Nautical Coatings, Inc., d/b/a/ Sea Hawk Paints ("Sea

Hawk"), have moved the court to exclude the testimony of plaintiff's expert, Revel Boulon. At

the time the motion was filed, Boulon had not been deposed. Nevertheless, defendants argue that

based upon Boulon's report and his "anticipated deposition testimony," Boulon "did not employ

any scientific methodology nor did he rely on sufficient facts or data in reaching his

conclusions." Rec. Doc. 65-1, p. 7.

Because the arguments for Boulon's exclusion rest in part on anticipated – and thus speculative – testimony, the court finds that the motion should be denied as premature, to be re-urged when counsel is able to reference and incorporate Boulon's actual deposition testimony. Accordingly, the court extends the time for filing this particular <u>Daubert</u> motion, and (assuming the movant still wishes to pursue the motion) it shall be re-filed and served in sufficient time to permit a submission date no later than January 6, 2021.

## IV.    Motion to Limit Testimony of Paul Marzocca

Trevelyn has also moved to exclude the testimony of defendants' paint expert Paul Marzocca, arguing that it contains legal conclusions that are impermissible. The gist of Marzocca's report is that independent of any deficiencies subsequently found to the hull job, defendants are not liable to plaintiff because they discharged all of their obligations under the contract. In connection with his report, Marzocca opines that none of the documentation he reviewed established any contractual liability on the part of Seahawk, and thus that Seahawk had no duty to plaintiff to apply the products in conformity with the TDS, and therefore has no liability. He also opines that the owner implicitly approved the work, seemingly suggesting that Trevelyn waived any claim for defects.

"[A]n expert may never render conclusions of law." <u>Goodman v. Harris County</u>, 571 F.3d 388, 399 (5th Cir. 2009). As the Fifth Circuit has stated: "[T]here is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute

or issue, it requires only one spokesman of the law, who of course is the judge." <u>Askanase v. Fatjo</u>, 130 F.3d 657, 673 (5th Cir. 1997) (quoting <u>Specht v. Jensen</u>, 853 F.2d 805, 807 (10th Cir.1988). An expert's legal conclusion "both invades the court's province and is irrelevant." <u>Texas Peace Officers v. City of Dallas</u>, 58 F.3d 635 (5th Cir. 1995)(quoting <u>Owen v. Kerr McGee Corp.</u>, 698 F.2d 236, 240 (5th Cir.1983)).

Marzocco's testimony on whether a contract existed, whether a duty was owed by Seahawk to Trevelyn, whether liability was foreclosed due to a lack of duty, and whether Trevelyn waived its claim for defects, are legal conclusions and thus his opinion on them is not relevant. To the extent he is qualified, Marzocco may testify to things such as standard practices around contracting in the marine business, and the work was performed in a workmanlike fashion, however, he may not testify to any legal opinions. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Limit the Testimony of Kyle Smith** (Rec. Doc. 62) filed by Trevelyn Enterprises, L.L.C. is **GRANTED in part** and his testimony is limited as set forth herein;

**IT IS FURTHER ORDERED** that the **Motion to Exclude Testimony of Unnamed Shipyard Representatives** (Rec. Doc. 63) filed by Trevelyn Enterprises, L.L.C. is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion in Limine/*Daubert* Motion to Exclude the Testimony of Revel Boulon** (Rec. Doc. 65) filed by New Nautical Coatings, Inc. and SeaBrook Marine, L.L.C. is **DENIED as premature**, and upon completion of his deposition may be re-urged on or before January 6, 2021;

8

**IT IS FURTHER ORDERED** that the **Motion to Limit Testimony of Paul Marzocca** (Rec. Doc. 66) filed by Trevelyn Enterprises, L.L.C. is **GRANTED in part**, and his testimony is limited as set forth herein.

New Orleans, Louisiana, this ___20th___ day of November, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

9