UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TREVELYN ENTERPRISES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-11375** |
| **SEABROOK MARINE, L.L.C., ET AL** | **SECTION: "S" (1)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the re-urged **Motion in Limine/*Daubert* Motion to Exclude the Testimony of Revel Boulon** (Rec. Doc. 86) filed by New Nautical Coatings, Inc. and SeaBrook Marine, L.L.C. is **DENIED**.

BACKGROUND

Detailed facts of this case have been set forth in prior orders of the court and thus are not restated here. In the instant motion, defendants re-urge their motion to exclude the testimony of plaintiff's proposed expert, Revel Boulon. Defendants argue that Boulon has insufficient technical expertise as a paint and coatings expert, and that his opinion rests on inadmissible hearsay, unsupported factual and legal conclusions and speculation. Trevelyn opposes the motion.

DISCUSSION

In Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589 (1993), the Supreme Court of the United States held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." To perform its gatekeeping function, the court must first determine whether the proffered expert

testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 509 U.S. at 592-93. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at 590. An expert may rely upon otherwise inadmissible facts and data, including hearsay, if " 'experts in the particular field would reasonably rely on such evidence.' " Daubert, 509 U.S. at 595 (quoting former FED. R. EVID. 702).

However, "[i]n Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000), [the Fifth Circuit] noted that the importance of the trial court's gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." Whitehouse Hotel Ltd. P'ship v. Comm'r, 615 F.3d 321, 330 (5th Cir. 2010).

In this bench trial, defendants challenge Boulon's qualification as an expert based principally on the fact that his marine surveying credential was issued by the Association of Certified Marine Surveyors Inc. ("ACMS"), which defendants characterize as an illegitimate "mail order" credentialing body, suggesting that only individuals certified by the National Association of Marine Surveyors ("NAMS") or the Society of Accredited Marine Surveyors ("SAMS") possess the required expertise to opine on marine surveying matters.

In his deposition, Boulon testified that he was not required to undertake specific

2

surveying training to receive his ACMS accreditation because his experience of over 14 years working on yachts and small watercraft was deemed sufficient.[1] Testing was waived and Boulon's ACMS accreditation was granted after a review of his curriculum vitae detailing his experience, a review of loss survey reports authored by him, a telephone interview, and contacting references.[2] He also applied to NAMS, which was prepared to grant him an associate membership, but counseled him to put his application on hold for six months so he could be directly credentialed as a certified marine surveyor rather than an associate member.[3] Boulon is also an affiliate member of UK-based International Institute of Marine Surveyors, possesses domestic and international Chief Engineer licenses from the Coast Guard, and in that capacity has managed bottom coating projects.[4] He has been directly involved in three bottom coating jobs on an aluminum vessel.[5]

    The court first observes that "the 'emphasis on qualifications over reliability of the expert testimony reflect[s] a pre-Daubert sensibility.'" Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 507 (5th Cir. 1999)(superseded by statute on other grounds), quoting Watkins v. Telsmith, Inc., 121 F.3d 984, 992 (5th Cir.1997). Rather, "the heart of Daubert is relevance and reliability. As

---

[1] Depo. of Revel Boulon, Rec. Doc. 86-2, 9:14-18.

[2] Id. at 11:9-19.

[3] Id. at 12:23-13:3.

[4] Id. at 17:1-19:10.

[5] Id. at 19:24-20:7.

long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function."

In this case, the court finds that Boulon's credentials sufficiently qualify him as an expert to offer his opinion in this matter.

Defendants have also moved to exclude Boulon's report on the ground that it relies in part on hearsay. However, an expert may rely upon hearsay if " 'experts in the particular field would reasonably rely on such evidence.' " Daubert, 509 U.S. at 595 (quoting former FED. R. EVID. 702). In this case, defendant has not demonstrated that the hearsay relied upon by Boulon would not be reasonably relied upon by other experts in the field.

With respect to defendants' argument that Boulon's testimony is based upon unsupported factual and legal conclusions and speculation, this challenge goes to the bases for Boulon's opinion. "[Q]uestions relating to the bases and sources of an expert's opinion[,] affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact-finder's] consideration." United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996). Moreover, in this bench trial, the purpose of a Daubert motion, "to ensure that only reliable and relevant expert testimony is presented to the jury," is not implicated. Rushing, 185 F.3d at 506, citing Daubert, 509 U.S. at 590-93. Considering this, as well as the court's broad discretion to decide whether to admit expert opinion testimony, see General Elec. Co. v. Joiner, 522 U.S. 136, 138–39 (1997), and the fact that "the rejection of expert testimony is the exception and not the rule," Johnson v. Samsung Electronics America, Inc., 277 F.R.D. 161, 165 (E.D. La.2011), the

court will admit Boulon's expert report and testimony and give it whatever weight it deserves.

Accordingly,

**IT IS HEREBY ORDERED** that the re-urged **Motion in Limine/*Daubert* Motion to Exclude the Testimony of Revel Boulon** (Rec. Doc. 86) filed by New Nautical Coatings, Inc. and SeaBrook Marine, L.L.C. is **DENIED**.

New Orleans, Louisiana, this   7th   day of January, 2021.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**